# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Kimberly Wilkins<br><br>  PLAINTIFF,<br><br>v.<br><br>Ascension Health Long-Term Disability Plan;<br>   Serve at:<br>      101 S Hanley Rd #450<br>      St. Louis, MO 63105<br><br>Ascension St. John's Hospital<br>   Serve at:<br>      Csc-Lawyers Incorporating Service<br>      2900 West Rd., Ste. 500<br>      East Lansing, MI 48823<br><br>  DEFENDANTS. | Case No. 4:22-cv-428 |

## COMPLAINT

COMES NOW Plaintiff Kimberly Wilkins ("Plaintiff"), by and through counsel, and for her complaint states as follows:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.Sec. 1001 et seq. (ERISA), to recover benefits due under an employee benefit plan, and to recover costs and attorneys' fees.

## JURISDICTION AND VENUE

2. In this matter, Plaintiff seeks long-term disability benefits under ERISA plans pursuant to 29 U.S.C. Section 1132(a)(1)(B) and this court has jurisdiction to consider this matter based upon a federal question.

3. Defendants are subject to jurisdiction in this Court because they have more than minimum contacts with this forum (see 29 U.S.C. § 1132(e), and the Defendant Plans include a forum-selection clause requiring any litigation to occur in this forum.

## PARTIES

4. Plaintiff Kimberly Wilkins (hereinafter "Plaintiff") is an individual residing in Michigan. Plaintiff is a vested participant in the group insurance plan (hereinafter "the Plan") for certain employees of Ascension St. John's Hospital (hereinafter St. John's) which provides an employee benefit plan within the meaning of 29 U.S.C § 1002. She has the standing to bring this action under 29 U.S.C. § 1132 (a).

5. Defendant St. John's and Defendant Ascension Health Long-Term Disability Plan provide coverage for certain employees of Ascension St. John's Hospital under an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1).

## COUNT I

## BENEFITS- ASCENSION LONG-TERM DISBAILITY PLAN

COMES NOW, Plaintiff by and through counsel and for Count I of her Complaint against Ascension Long-Term Disability Plan states the following:

6. Plaintiff incorporates by reference paragraphs 1-5 of the above as if fully set out herein.

7. Under the Plan, disability or disabled means that due to injury or sickness that is supported by objective medical evidence, the participant is required and is receiving the regular, ongoing medical care of a Licensed Physician and the participant is following the course of treatment recommended by the Licensed Physician. In addition, one of the following is true.

The participant is unable to perform during the first 24 months of benefit payments, or eligibility for benefit payments, each of the material duties of his or her regular occupation, and

-after the first 24 months of benefit payments or eligibility for benefit payments, any work or

service for which participant is reasonably qualified taking into consideration participant's training, education, experience and past earnings *or*

-while unable to perform all of the material duties of participant's regular occupation on a full-time basis participant is:

-performing at least one of the material duties of participant's regular occupation or any other work or service on a part- or full-time basis, *and*

-participant's earnings from work, while disabled, do not exceed 80% of his or her pre-Disability Basic Monthly Earnings.

8. Plaintiff was a full-time employee and actively at work for Defendant Ascension St. John Hospital until March 27, 2020. During this time, she was a "covered person" under the Plan and eligible for benefits.

9. Ms. Wilkes has serious mental and physical medical conditions which render her unable to perform each of the material duties of her own occupation or any occupation including but not limited to:

**Panic Attacks**

**Generalized Anxiety Disorder and Dysthymia** including: excessive worrying, trembling and shaking, shortness of breath, sleep disturbance, feelings of restlessness, sensations of muscular tension, feelings of hypervigilance, increased heart rate, fears of losing control, difficulty concentrating, choking sensations, chills and hot flushes when anxious, chest pain or discomfort when under stress, shortness of breath, increased heartrate, cold hands, and other symptoms of autonomic instability, isolation, feelings of guilt and worthlessness, fatigue, crying spells, decreased appetite, racing thoughts,

Asthma

Migraine headaches

Cervical strain with radiculopathy

Chronic cervical pain

10. Due to her anxiety and pain, Ms. Wilkins was prescribed multiple pain medications including:

Imitrex 100 mg up to 3 times a week

Duloxetine 40 mg daily

Clonazepam 1mg daily

Xanax 0.5mg as needed 1-2 times a week

Flexeral 10mg daily

Buspiron 15mg as needed

Tirosint 112mcg daily

Tissue Regenerator daily

multivitamins, zinc, vitamin D3

11. These pain medications, which she is required to take daily, impair her memory, concentration, and mental faculties and focus insofar that she is unable to work a full eight-hour shift, forty hours a week.

12. Her conditions significantly limit her activities of daily living as she is unable to perform light household work or cooking.

13. Plaintiff supported her allegations with objective medical evidence including medical records from her treating physicians which indicate that Ms. Wilkins is unable to perform each of the material duties of any job including records from Dr. Julie Sher, DO board certified Psychiatrist, and Dr. Michael Kinneson, DO board certified in Family Medicine.

14. Ms. Wilkes' appeal was denied on January 04, 2022. This denial causes Ms. Wilkins actual

4

harm in lost benefits, which she paid premiums for throughout her career, all while Ascension St. John's enriches itself month by month.

WHEREFORE, Plaintiff moves for judgment on benefits against Defendants for interest, attorney's fees, and such further relief as the Court deems appropriate.

Respectfully submitted,

**BOLLWERK & TATLOW, LLC.**

/s/ *Phillip A. Tatlow*
Phillip A. Tatlow, #41364MO
Bollwerk & Tatlow, LLC
10525 Big Bend Boulevard
Kirkwood, MO 63122
(314) 315-8111 (Phone)
 (314) 315-8113 (Fax)
pat@bollwerktatlow.com

## **SWORN SIGNATURE**

STATE OF MISSOURI      )
                                              )
CITY OF ST. LOUIS          )

      Kimberly Wilkins, being duly sworn on her oath, states she is the person to whom the foregoing interrogatories are directed and that the answers given are true to the best of his / her knowledge and belief.

_____
KIMBERLY WILKINS
AFFIANT

Subscribed and sworn to before me this _____ day of _____,
20\_\_\_\_\_.

_____
NOTARY PUBLIC

My commission expires: _____