UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KIMBERLY WILKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:22-cv-00428-SEP |
| | ) |
| ASCENSION LONG-TERM | ) |
| DISABILITY PLAN, and ASCENSION | ) |
| HEALTH ALLIANCE d/b/a ASCENSION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEFENDANT ASCENSION HEALTH ALLIANCE'S COUNTERCLAIM**

COME NOW Defendants Ascension Long-Term Disability Plan ("Plan") and Ascension Health Alliance d/b/a Ascension ("Ascension"), by and through undersigned counsel, and submit the following Answer and Affirmative Defenses to Plaintiff's First Amended Complaint:

1. Defendants admit that Plaintiff purports to bring an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), but deny that they violated ERISA or any other applicable law or that Plaintiff is entitled to benefits or any other remedy under ERISA or under the terms of the Plan. Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint not specifically admitted herein.

**JURISDICTION AND VENUE**

2. Defendants admit that Plaintiff purports to bring a claim for long-term disability benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) and admit that the Court has jurisdiction based upon federal question. Defendants deny the remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint not specifically admitted herein.

3. Defendants admit that they are subject to jurisdiction in this Court and that the Plan contains a forum selection clause selecting this forum for claims arising under the Plan. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint not specifically admitted herein.

## PARTIES

4. Defendants admit that the Plan is an employee benefit plan within the meaning of ERISA and that Plaintiff was eligible to participate in the Plan. The statement that Plaintiff has standing under 29 U.S.C. § 1132(a) consists of legal argument to which no response is required. Defendants lack sufficient knowledge to admit or deny whether Plaintiff is an individual residing in Michigan and therefore deny same. Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint not specifically admitted herein.

5. Defendants admit that Ascension is the Plan Sponsor and Plan Administrator of the Plan within the meaning of ERISA for eligible employees of its health ministries, including eligible employees of St. John's Hospital. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint not specifically admitted herein.

## COUNT I

## BENEFITS - ASCENSION LONG-TERM DISABILITY PLAN

6. Defendants incorporate by reference their answers to Paragraphs 1 through 5 of Plaintiff's First Amended Complaint as though fully set forth herein.

7. Defendants deny the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint as worded. The Plan is in writing and speaks for itself.

8. Defendants admit that Plaintiff was employed by St. John's Hospital and, by virtue of her employment, was eligible to participate in the Plan. Defendants deny the remaining

4857-1600-3879, v. 1

allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint not specifically admitted herein.

9. Defendants deny the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint. The Court's review is constrained to the administrative record. To the extent they are contained in the administrative record, Plaintiff's medical records are in writing and speak for themselves.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint. The Court's review is constrained to the administrative record. To the extent they are contained in the administrative record, Plaintiff's medical records are in writing and speak for themselves.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint. The Court's review is constrained to the administrative record. To the extent they are contained in the administrative record, Plaintiff's medical records are in writing and speak for themselves.

14. Defendants admit that Plaintiff's appeal of the denial of benefits was denied on January 4, 2022. Defendants deny the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint not specifically admitted herein.

Defendants deny that Plaintiff is entitled to any of the relief described in her WHEREFORE clause.

4857-1600-3879, v. 1

# AFFIRMATIVE DEFENSES

1. Further answering and by way of affirmative defense, Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2. Further answering and by way of further affirmative defense, any decision to deny disability benefits was not arbitrary or capricious, and was supported by substantial evidence, under the discretionary authority conferred upon the Claims Administrator.

3. Further answering and by way of further affirmative defense, Plaintiff was not eligible to receive disability benefits, pursuant to the express terms of the Plan.

4. Further answering and by way of further affirmative defense, any benefits sought by Plaintiff must be reduced by "Other Income Benefits" as defined in the Plan.

5. Further answering and by way of further affirmative defense, Plaintiff has failed to satisfy a condition precedent to receipt of disability benefits.

6. Further answering and by way of further affirmative defense, Plaintiff has failed to exhaust her administrative remedies under the Ascension Long-Term Disability Plan.

7. Defendants reserve the right to assert additional affirmative defenses as they may appear.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants pray that this Court dismiss Plaintiff's First Amended Complaint in its entirety, and for such further relief this Court deems just and proper.

4857-1600-3879, v. 1

# ASCENSION HEALTH ALLIANCE'S COUNTERCLAIM FOR IMPOSITION OF EQUITABLE LIEN OR CONSTRUCTIVE TRUST PURSUANT TO SECTION 502(A)(3) OF ERISA

COMES NOW Ascension Health Alliance d/b/a Ascension ("Ascension"), and for its Counterclaim for Equitable Lien or Constructive Trust Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) (hereinafter "Counterclaim"), states to this Honorable Court as follows:

1. This Counterclaim is filed to enforce the terms of the Ascension Long-Term Disability Plan ("Plan") for equitable relief arising under ERISA.

## PARTIES

2. Upon information and belief, Plaintiff Kimberly Wilkins ("Plaintiff") was at all times relevant to this lawsuit an individual residing in Michigan.

3. Ascension is the Plan Sponsor and Plan Administrator of the Plan, and as such Ascension is entitled to bring this Counterclaim pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

## JURISDICTION

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this Counterclaim is brought to enforce the provisions of the Plan, which is an ERISA-governed plan.

5. Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court pursuant to ERISA's venue clause and the Forum Selection Clause contained in the Plan. *See* Section 9.20 of the Plan, attached hereto as **Exhibit A**.

## ALLEGATIONS

6. The Plan is an employee welfare benefits plan sponsored by Ascension for eligible employees of St. John's Hospital.

4857-1600-3879, v. 1

7. The Plan is an "employee welfare benefits plan" as defined and regulated by ERISA, Section 3(a), 29 U.S.C. § 1002(1).

8. Ascension is the Plan Administrator and Plan Sponsor of the Plan, as those terms are defined in Section 3(16)(A)-(B) of ERISA, 29 U.S.C. § 1002(16)(A)-(B).

9. Pursuant to the terms of the Plan, Ascension has appointed Sedgwick Claims Management Service, Inc. ("Sedgwick") as the Claims Administrator of the Plan and has conferred discretionary authority on Sedgwick to perform claims administration duties under the Plan. **Ex. A**, §§ 2.7 and 2.8.

10. Plaintiff was a Participant of the Plan.

11. Plaintiff was approved by Sedgwick to receive LTD benefits beginning in September of 2020.

12. Plaintiff continued to receive LTD benefits until February of 2021 when Sedgwick determined that Plaintiff no longer satisfied the definition of "Disability" under the Plan, and that she was therefore no longer eligible for LTD benefits.

13. During the time she received LTD Benefits, Plaintiff received a monthly LTD payment in the amount of $4,637.72.

14. Pursuant to the terms of the Plan, Plaintiff's monthly disability payments are reduced by "Other Income Benefits."

15. The Plan provides:

> **4.2 Benefit Amount**. The Benefit amount shall be:
>
> (a) the lesser of:
>   (1) The Participant's Basic Monthly Earnings multiplied by the Benefits percentage shown in the Addendum, or
>   (2) The dollar amount of the Maximum Monthly Benefit shown in the Addendum.
> (b) reduced by Other Income Benefits as described in Section 4.3.

4857-1600-3879, v. 1

. . .

**4.3 Other Income Benefits.** Other Income Benefits are those benefits identified below which are applicable to the Participant. These Other Income Benefits are benefits associated with the same or a different Disability for which a Benefit is payable under this Plan. These Other Income Benefits include:

. . .

**(d) The full amount of disability or retirement benefits under the U.S. Social Security Act or any other governmental disability or retirement program (except military pension and military disability plans) for which the Participant, the Participant's Spouse, Child, or Children are eligible. Notwithstanding the foregoing, Other Income Benefits shall not include disability benefits unless such disability benefits are awarded on the basis of the Participant's disability.**

. . .

Other Income Benefits include any amount the Participant could receive but is not receiving because the Participant failed or neglected to make application for such.

The Plan's share of these Other Income Benefits will not be reduced because the Participant has not received the full damages claimed or has not been made whole, unless the Claims Administrator or the Plan Administrator agrees in writing to the reduction. The Plan's share of these Other Income Benefits will not be reduced by any attorney's fees or costs expended by the Participant in obtaining the Other Income Benefits.

The terms "law", "Plan" or "act" include the initial enactment and all amendments.

**Ex. A**, §§ 4.2 and 4.3 (emphasis added).

16. Further, the Plan provides that should Plaintiff receive Other Income Benefits in the form of a Lump Sum Payment, "the amount that pertains to Other Income Benefits will be due and payable immediately." **Ex. A**, § 4.4.

17. The Plan also provides as follows:

> **9.3  Refund to the Plan for Overpayment of Benefits.** If at any time the Claims Administrator and/or Plan Administrator determines that the total amount paid on a claim is more than the total amount due, including but not limited to **any overpayment resulting from any payment received from sources listed in Other Income Benefits (whether through lawsuit, pursuit of claims, settlement, award, judgment or otherwise), the Claims Administrator and/or Plan Administrator has the right to recover the excess amount from the person to whom such payment was made.** The Claims Administrator and/or Plan Administrator may recover the excess amount by reducing or offsetting against any future Benefits payable to such person, by demanding immediate reimbursement, or by any other method permitted by law.
>
> **Ex. A**, § 9.3 (emphasis added).

18. Plaintiff was aware of the overpayment reimbursement obligation described above, and she agreed in writing to promptly repay any overpayment of her LTD benefits resulting from Other Income Benefits. *See* Plaintiff's Agreement Concerning Long-Term Disability Benefits, attached hereto as **Exhibit B**.

19. Plaintiff received a favorable Social Security Disability determination letter on August 27, 2021, which indicates that she received a lump sum payment in the amount of $11,544.75 for Social Security Disability benefits representing a retroactive payment for the period of January 2021 – July 2021. *See* Social Security Award Letter, attached hereto as **Exhibit C**.

20. Plaintiff's SSDI award has resulted in an LTD benefit overpayment in the amount of Two Thousand Four Hundred Dollars and Sixty-Three Cents ($2,400.63), which Plaintiff is obligated to repay. *See* Overpayment Notices to Plaintiff (hereinafter the "Notices"), attached hereto as **Exhibit D**.

21. To date, Plaintiff has not reimbursed Ascension for the overpayment of benefits, nor has Plaintiff responded to the Notices. **Ex. D**, pg. 6.

22. Under the terms of the Plan, Ascension is entitled to recover the overpayment of benefits resulting from the Social Security Administration's award of disability benefits.

23. The Social Security Disability award constitutes a particular share of a specifically identifiable fund.

WHEREFORE, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Ascension prays that this Honorable Court enter an order granting equitable relief for recovery of the $2,400.63 overpayment in disability benefits, including but not limited to:

a) imposition of an equitable lien or constructive trust over the retroactive Social Security Disability award;

b) an order directing Plaintiff to reimburse the Plan in the amount of $2,400.63, representing the overpayment of LTD benefits resulting from Plaintiff's receipt of Social Security Disability benefits;

c) a declaration of rights under the Plan against Plaintiff to enforce ERISA and the terms of the Plan;

d) an award of Ascension's costs and attorneys' fees incurred in this action; and

e) such further relief to Ascension as this Court deems just and proper.

Dated: August 15, 2022

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Amy L. Blaisdell
Amy L. Blaisdell, #51068
David J. Wasserman, #72187
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 241-9090
Facsimile: (314) 241-8624
apb@greensfelder.com
dwasserman@greensfelder.com

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 15, 2022 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Phillip A. Tatlow
BOLLWERK & TATLOW LLC
10525 Big Bend Blvd.
Kirkwood, MO 63122
(314) 315-8111
(314) 315-8113
pat@bollwerktatlow.com

*Attorneys for Plaintiff*

                                                             /s/ Amy L. Blaisdell